IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sherman Drakeford, #175659, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Cecilia Reynolds; State of South Carolina, )<br>)<br>Respondents. )<br>_____) | C/A No. 0:09-775-SB-PJG<br><br>**REPORT AND RECOMMENDATION** |

Sherman Drakeford ("Drakeford"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment. (Docket Entry 17.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 19.) Drakeford filed a response in opposition to the respondents' motion, (Docket Entry 23), which is now before the court for a Report and Recommendation. Having carefully considered the parties' submissions and the Record in this case, the court finds that Drakeford's Petition is untimely.

## BACKGROUND

Drakeford was indicted in January 1996 in Lee County for murder and criminal conspiracy (96-GS-31-15). (App. at 457-58, 461-62; Docket Entry 18-5 at 60-61, 63-64.) Drakeford was represented by Paul Fata, Esquire, and on November 18, 1996, was tried by a jury and found guilty

of voluntary manslaughter.[1]  (App. at 448, Docket Entry 18-5 at 51.)  The circuit court sentenced Drakeford to thirty years' imprisonment.  (App. at 455, Docket Entry 18-5 at 58.)

Drakeford filed a direct appeal and was represented by Wanda H. Haile, Esquire, Senior Assistant Appellate Defender of the South Carolina Office of Appellate Defense.  On March 24, 1998, Haile filed an Anders[2] brief and a petition to be relieved as counsel.  (Docket Entry 18-7 at 1-11.)  The South Carolina Supreme Court issued an order dated December 11, 1998 denying the petition to be relieved as counsel and directing the parties to brief the following issue:

> Did the trial judge err in overruling appellant's objection to the solicitor's closing argument as to the jurors' consideration of the race of the victim?

(Order, Docket Entry 18-7 at 13.)  Both parties filed briefs on the issue.  (Docket Entry 18-7 at 14-26 and Docket Entry 18-7 at 28-44.)  In a memorandum opinion, the South Carolina Supreme Court affirmed the conviction of the lower court.  (State v. Drakeford, 2000-MO-60 (S.C. April 20, 2000), Docket Entry 18-5 at 65-69.)  The remittitur was issued on May 8, 2000.  (Docket Entry 18-7 at 46.)

On July 5, 2000, Drakeford filed a *pro se* application for post-conviction relief ("2000 PCR Action").  (See Drakeford v. State of South Carolina, 00-CP-31-162; App. at 468-80, Docket Entry 18-5 at 70-82.)  The State filed a return.  (App. at 481-85, Docket Entry 18-5 at 83-87.)  On January 15, 2002, the PCR court held an evidentiary hearing at which Drakeford appeared and was

---

[1] Drakeford's initial trial resulted in a mistrial.  The trial judge, however directed a verdict on the conspiracy charge.  Accordingly, Drakeford's murder indictment was the only pending charge at his second trial on November 18, 1996.  (See App. at 246, Docket Entry 18-3 at 49; App. at 542, Docket Entry 18-6 at 44.)

[2] Anders v. California, 386 U.S. 738 (1967).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.

represented by Jacob Jennings, Esquire. (App. at 486-557, Docket Entry 18-5 at 88 through Docket Entry 18-6 at 59.) By order dated May 8, 2002, the PCR judge dismissed Drakeford's PCR application. (App. at 558-66; Docket Entry 18-6 at 60-68.)

In his PCR appeal, Drakeford was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who filed a petition for a writ of certiorari on October 9, 2002. (Docket Entry 18-8 at 1-8.) The State filed a return. (Docket Entry 18-8 at 9-17.) The South Carolina Supreme Court denied Drakeford's petition in an order dated July 24, 2003. (Docket Entry 18-8 at 18.) The remittitur was issued August 12, 2003. (Docket Entry 18-8 at 19.)

Drakeford filed a second PCR application on June 17, 2004 ("2004 PCR Action"). (See Drakeford v. State of South Carolina, 04-CP-31-132, Docket Entry 18-9 at 1-13.) The State filed a return and motion to dismiss on November 22, 2004. (Docket Entry 18-9 at 14-20.) On June 13, 2005, the PCR court held an evidentiary hearing at which Drakeford was represented by Charlie Johnson, Jr., Esquire.[3] On August 13, 2005, the court issued an order of dismissal in which it dismissed Drakeford's 2004 PCR application as successive and time barred. (Docket Entry 18-9 at 21-27.)

Drakeford appealed the dismissal. On October 4, 2005, the South Carolina Supreme Court dismissed the Drakeford's appeal due to Drakeford's failure to provide an explanation as to why the circuit court's decision was improper, as required by Rule 227(c) of the South Carolina Appellate

---

[3] The court is advised that the respondents have been unable to locate a transcript of this proceeding. (See Docket Entry 18 at 3 n.2.)

PJG

Court Rules (recently renumbered as Rule 243(c), SCACR). (Docket Entry 18-9 at 28.) The remittitur was issued on October 20, 2005.[4]

**FEDERAL HABEAS ISSUES**

Drakeford filed the instant Petition for a writ of habeas corpus on March 20, 2009. (Docket Entry 1.) In his Petition, Drakeford raises the following issues:

> **Ground One:** 5th Amend. violation, subject matter jurisdiction violation because trial counsel was ineffective, failed to object and he consented to the states arguement
>
> **Ground Two:** 14th Amend. violation–due process and equal protection, manslaughter conviction, without intent to kill or suffcent legal provocation due to counsels ineffectiveness, S.M.J.

(Pet., Id. at 5-7.)

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over

---

[4] A copy of this document was not provided to the court. However, the respondents assert that a verbal confirmation of the date of the remittitur was received from the office of the Clerk of Court of the South Carolina Supreme Court. Drakeford does not appear to dispute this date.

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondents argue that Drakeford's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Drakeford filed a direct

PJG

appeal with the South Carolina Supreme Court, his conviction became final ninety days after April 20, 2000, the date the South Carolina Supreme Court dismissed the appeal.[5] Before the expiration of this tolled time, however, Drakeford filed his first state PCR application on July 5, 2000. Thus, pursuant to 28 U.S.C. § 2244(d)(2), the period of limitations continued to be tolled during the pendency of the 2000 PCR Action until August 12, 2003, when the South Carolina Supreme Court issued the remittitur from its order denying Drakeford's petition. Accordingly, the limitations period began to run on August 13, 2003 and expired on August 12, 2004. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Although Drakeford filed a second PCR application on June 17, 2004, this application did not toll the statute of limitations because the PCR court dismissed it as successive and time barred. See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).

---

[5] Because Drakeford sought certiorari from the South Carolina Supreme Court, he is entitled to an additional tolled time period in which to seek certiorari review from the United States Supreme Court. See Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008) (holding that because the petitioner did not seek certiorari in the South Carolina Supreme Court, "he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court"); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). The respondent did not include this additional tolled time, but Drakeford's Petition is untimely in any event.

Drakeford's federal Petition was filed on March 20, 2009. [Houston v. Lack, 487 U.S. 266, 270-71 (1988)](stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Accordingly, Drakeford filed his federal habeas Petition over four and half years (1,682 days) after the expiration of the one-year limitations period under § 2244(d)(1)(A).

C.  **Drakeford's Arguments**

1.  **Timeliness**

In his response to the respondents' argument that his federal Petition was untimely filed, Drakeford presents two arguments. First, Drakeford contends that the limitations period should not begin when the decision or remittitur is issued, but rather when he receives the relevant document. Section 2244(d)(1)(A), however, unambiguously states that the time commences to run, not from receipt of an order, but from the conclusion of direct review. See Rouse v. Lee, 339 F.3d 238, 245 (4th Cir. 2003) (*en banc*) ("The limitations period of the AEDPA, however, runs from 'the date on which the judgment became final,' 28 U.S.C.A. § 2244(d)(1)(A), not from the date on which [the petitioner] was served with (or, in this case, merely received) notification of the final judgment."). Moreover, even if receipt were the proper commencement date, it would only affect the expiration date by a matter of days and would not render Drakeford's federal habeas Petition timely, as he filed it over four years after the expiration of the statutory limitations period.

Drakeford's second argument appears to assert that he is entitled to equitable tolling based on his allegation that he received ineffective assistance of counsel during his second PCR action. To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Drakeford must show that the one-year limitations period should be equitably tolled under applicable federal law. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (concluding that § 2244(d) is

subject to the principles of equitable tolling). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse, 339 F.3d at 246 (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Drakeford alleges that he received ineffective assistance of counsel during his second PCR action. Essentially, Drakeford contends that his counsel was ineffective in failing to notify him (1) that the PCR court dismissed his second PCR action as untimely and successive, (2) that this decision was appealed, or (3) that the South Carolina Supreme Court dismissed the appeal on October 4, 2005. Thus, according to Drakeford, counsel caused him to untimely file his Petition. Drakeford's argument hinges on the premise that he is entitled to toll the limitations period during the pendency of his second PCR action, which as stated above, he is not. See Pace, 544 U.S. 408 (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling). Moreover, this argument does not constitute the type of extraordinary circumstances justifying equitable tolling. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (stating that attorney error does not "warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel"); Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir.

2002) ("Many courts have considered the question whether attorney error constitutes 'rare and exceptional circumstances' and have held that it does not."); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

### 2. Other Issues

Even if Drakeford's Petition were not time barred, the court would recommend granting the respondents' motion for summary judgment. In Drakeford's opposition to summary judgment, he explicitly and repeatedly states that he wishes to withdraw the sole grounds asserted in his Petition and instead have the court consider a claim of ineffective assistance of PCR counsel. (See Docket Entry 23.) However, even if Drakeford's Petition were amended to include such a claim, it would not entitle Drakeford to federal habeas relief. See Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997) (noting that there is "no right to effective assistance of counsel in . . . state habeas proceedings").

## RECOMMENDATION

Based upon the foregoing, the court finds that Drakeford's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 17) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 15, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).