Sherman Drakeford, #175659, )
)
    Petitioner, )
)
v. ) Civil Action No. 0:09-775-SB
)
Cecilia Reynolds; State of South ) **ORDER**
Carolina, )
)
    Respondents. )
_____ )

This matter is before the Court upon Petitioner Sherman Drakeford's ("Drakeford" or "the Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b). In the R&R, Magistrate Judge Paige J. Gossett recommends that the Court grant the Respondents' motion for summary judgment. Attached to the R&R was a notice advising the Petitioner of his right to file written objections to the R&R within ten days of being served with a copy of that report. See 28 U.S.C. § 636(b)(1). The Petitioner filed timely objections, and the matter is ripe for review.

## BACKGROUND

In January of 1996, the Petitioner was indicted in Lee County for murder and criminal conspiracy. Attorney Paul Fata represented the Petitioner, and on November 18, 1996, a jury convicted the Petitioner of voluntary manslaughter. The court sentenced the Petitioner to thirty years' imprisonment.

The Petitioner filed a direct appeal and was represented by attorney Wanda H.

Haile, Senior Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On March 24, 1998, Haile filed an Anders brief and a petition to be relieved as counsel. On December 11, 1998, the South Carolina Supreme Court issued an order denying the petition to be relieved as counsel and directing the parties to brief the following issue: "Did the trial judge err in overruling appellant's objection to the solicitor's closing argument as to the jurors' consideration of the race of the victim?" (Entry 18-7 at 113.) Both parties briefed the issue, and in a memorandum opinion, the South Carolina Supreme Court affirmed the Petitioner's conviction. State v. Drakeford, 2000-MO-60 (S.C. April 20, 2000). The South Carolina Supreme Court issued the remittitur on May 8, 2000.

On July 5, 2000, the Petitioner filed a pro se application for post-conviction relief ("PCR"). Drakeford v. State of South Carolina, 00-CP-31-162. On January 15, 2002, the PCR court held an evidentiary hearing at which the Petitioner appeared, represented by attorney Jacob Jennings. By order dated May 8, 2002, the PCR judge dismissed the Petitioner's PCR application.

Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense filed a petition for a writ of certiorari on October 9, 2002, appealing the dismissal of the Petitioner's PCR application. In an order dated July 24, 2003, the South Carolina Supreme Court denied the petition, and the remittitur was issued on August 12, 2003.

On June 17, 2004, Drakeford filed a second PCR application. Drakeford v. State of South Carolina, 04-CP-31-132. On June 13, 2005, the PCR court held an evidentiary hearing at which attorney Charlie Johnson, Jr. represented the Petitioner. On August 13, 2005, the court issued an order of dismissal, determining that the second PCR application

was successive and time-barred.

The Petitioner appealed the dismissal of his second PCR application, but on October 4, 2005, the Supreme Court dismissed his appeal due to his failure to provide an explanation as to why the circuit court's decision was improper, as required by Rule 227(c) of the South Carolina Appellate Court Rules (recently renumbered as S.C.A.C.R. 243(c). The remittitur was issued on October 20, 2005.

The Petitioner filed the instant § 2254 petition on March 20, 2009, wherein he raises the following issues:

> **Ground One:** 5th Amend. violation, subject matter jurisdiction violation because trial counsel was ineffective, failed to object and he consented to the state[']s argument
> **Ground Two:** 14 th Amend. violation—due process and equal protection, manslaughter conviction, without intent to kill or sufficient legal provocation due to counsel[']s ineffectiveness, S.M.J.

(Entry 1 at 5-7.)

## STANDARD OF REVIEW

### I.  Legal Standard for Summary Judgment



To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See

Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## II.  The Magistrate Judge's R&R

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R.  28 U.S.C. § 636 (b)(1).  Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for the objection.  Id.  After a review of the entire record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and therefore, the Court adopts the R&R.

## DISCUSSION

In their motion for summary judgment, the Respondents argue that the Petitioner's § 2254 petition is untimely pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).  In the R&R, the Magistrate Judge agrees with the Respondents and recommends that the Court grant their motion for summary judgment.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court."  28 U.S.C. § 2244(d)(1).  The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:



(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

4

State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). "[P]risoners whose convictions became final any time prior to the effective date of the AEDPA had until April 23, 1997, to file their . . . § 2255 motion[s]." Brown v. Angelone, 150 F.3d 370, 375 (4th Cir.1998). Additionally, § 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, a state PCR proceeding must be "properly filed' for the statutory tolling provisions of § 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed." Pace v. DiGulielmo, 544 U.S. 408 (2005).

Here, as previously set forth, the Petitioner filed a direct appeal of his conviction, and his conviction became final ninety days after April 20, 2000, the date when the South Carolina Supreme Court dismissed his appeal. Because the Petitioner filed his first PCR

5

application on July 5, 2000, his limitations period continued to be tolled until August 12, 2003, when the South Carolina Supreme Court issued the remittitur from its order denying the petition. Thus, the Petitioner's one-year limitations period began to run on August 13, 2003, and expired on August 12, 2004.

Next, as the Magistrate Judge determined, although the Petitioner filed a second PCR application on June 17, 2004, this application did not toll the statute of limitations because the PCR court dismissed it as successive and time-barred. See Pace, 544 U.S. 408 (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling); Allen v. Siebert, 552 U.S. 3 (2007) ("We therefore reiterate now what we held in Pace: 'When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)'") (quoting Pace, 544 U.S. at 414); Moore v. Warden, 2009 WL 2513462 (D.S.C. Aug. 13, 2009) (noting that PCR applications that were dismissed as successive and untimely were not "properly filed" and therefore did not toll the limitations period). Because the Petitioner's second PCR application did not toll his statute of limitations, the Court agrees with the Magistrate Judge that the instant § 2254 petition was filed over four and a half years after the limitations period expired.

In his objections to the R&R, the Petitioner asserts that attorney Pachak, who represented the Petitioner on the appeal of the dismissal of his first PCR application, misled him by sending him a letter that states, "There is now a one year statute of limitations for filing an application for a writ of habeas corpus in federal court." (Entry 23-1 at 7.) Attorney Pachak also enclosed a portion of the relevant rules.

A review of the letter indicates that the Petitioner's claim is without merit. The letter

is dated August 21, 2003, and it correctly informed the Petitioner that he had one year to file a habeas corpus petition in federal court. Instead of filing a federal habeas petition, however, the Petitioner filed a second PCR application, which the state court dismissed as successive and untimely. This second PCR application did not toll the statute of limitations, and the Court notes that even if it had, the remittitur was issued on October 20, 2005, and the Petitioner still did not file the instant petition until March 20, 2009. For the aforementioned reasons, the Court has no difficulty determining that the instant petition was not timely filed.

In addition, the Court does not find that the Petitioner is entitled to the benefit of equitable tolling. Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 516 U.S. 832 (2004); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Here, the Petitioner was specifically informed after the conclusion of his first PCR application that he had one year to file a habeas corpus petition in federal court, yet he failed to do so. Moreover, even if the Petitioner's second PCR application had been timely

7

filed (and had therefore tolled the statute of limitations), more than three years passed after the conclusion of his second PCR and the filing of the instant petition. Based on the current record, the Court does not find that the Petitioner has been pursuing his rights diligently or that some extraordinary circumstance stood in the way of his filing a timely § 2254 petition. Accordingly, the Court does not find that the Petitioner is entitled to equitable tolling.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R (Entry 24) is adopted and incorporated herein; the Petitioner's objections (Entry 26) are overruled; and the Respondent's motion for summary judgment (Entry 17) is granted.[1]

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

February 9, 2010
Charleston, South Carolina



---

[1] Because the Court does not find that the Petitioner has made a substantial showing of the denial of a constitutional right, the Court denies a certificate of appealability. See Rule 11(a) of the Rules Governing § 2254 Cases In the United States District Courts; 28 U.S.C. § 2253(c)(2).